MAURICE D. McBRIDE, PROSECUTOR, v. D. FREDERICK BURNETT, STATE COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL, ET AL., DEFENDANTS.

Submitted January 26, 1935—Decided April 8, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutor, *Samuel Koestler.*

For the defendants, *Nathan L. Jacobs* and *Edward Nugent.*

BODINE, J. The writ of *certiorari* brings before the court for review an order made on June 11th, 1934, by D. Frederick Burnett, state commissioner of alcoholic beverage control, disapproving a resolution of the city council of Eliza-

beth appointing a municipal board of alcoholic beverage control. By chapter 436 (*Pamph. L.* 1933, *p.* 1180), entitled "An act concerning alcoholic beverages," it is provided "each municipality having a population of fifteen thousand (15,000) or more, as determined by the last federal census, is hereby authorized to establish in and for such municipality, by resolution or ordinance of the governing board or body or other controlling authority now established by law in respect to said municipality, a municipal board of alcoholic beverage control * * *; provided, however, that in any such municipality wherein there is no board of aldermen but wherein there is a board of public works, all licenses shall be granted by such board of public works." Section 1 of said act, subdivision (g) defines "governing board or body or other controlling authority" to be "the board or body which governs a municipality, including a board of aldermen, in municipalities so governed."

The city council of Elizabeth by resolution established a municipal board of alcoholic beverage control and did appoint three of the councilmen as such municipal board. The board of public works of the city of Elizabeth also attempted to license the sale of alcoholic beverages and actually granted six of such licenses. The balance of said licenses, being three hundred and fifty-one in number, was issued under authority of the city council.

By chapter 85 (*Pamph. L.* 1934), the two sections above mentioned were amended. Section 5 was amended by making certain changes which are not material to the issues here involved, and by exscinding therefrom the proviso above quoted. Section 1 (g) in the 1934 amendment reads as follows: "(g) 'Governing board or body.' The board or body which governs a municipality, including a board of aldermen in municipalities so governed, provided, however, that in every municipality having a board of public works which exercises general licensing powers said board shall be considered as the governing board or body."

Under the 1934 amendment the city council of Elizabeth by resolution adopted on June 6th, 1934, appointed three of

its members, two being democrats and one a republican, as the municipal board of alcoholic beverage control. The board forthwith organized. The city clerk of the city of Elizabeth, pursuant to section 45 of the 1933 Alcoholic Beverage Control act, certified to the state commissioner of alcoholic beverage control a copy of this resolution. The commissioner then determined in writing that the board of public works of Elizabeth exercises general licensing powers and is exclusively vested with the power and duty under the statute to issue beverage licenses and administer the Alcoholic Beverage law, and disapproved the resolution of the city council appointing a municipal board of alcoholic beverage control. The prosecutor, being one of the councilmanic appointees fearing that such determination by the state commissioner may interfere with the proper exercise of his duties or may be used in attempting to oust him from office, urges upon this writ numerous reasons for setting aside the action and determination of said state commissioner.

It seems to be agreed that there should be presently a determination of the question of whether the municipal board or the board of public works is the proper body to administer the issuance of licenses in the city of Elizabeth. There seems good reason to consider this question on *certiorari*. The commissioner made his determination, but the act grants him no such power. He is not vested with any power to determine the qualification of the local boards.

Section 45 provides as follows: "All municipal boards created under this act shall be certified to the commissioner in writing under seal of the municipality, if any, and attested by the clerk thereof, or person performing for the time being the duties of clerk, and all appointments thereto shall become effective upon filing of a certificate of an acceptance thereof by each member thereof with the commissioner."

The prosecutor was so certificated, but the commissioner, as before indicated, refused to accept the certificate, holding that the power rested with the board of public works because it exercised general licensing powers. As before indicated, the commissioner had no express power to make such deter-

mination, but even if it be assumed that he had implied power so to do his determination was incorrect. The board of public works licenses peddlers, junk dealers, taxis, markets and issues permits for building and electrical work; while the city council grants all other licenses including those for amusements of various sorts, as well as those for hunting, fishing and dogs.

*Pamph. L.* 1913, *p.* 659, under which the Elizabeth board of public works functions, provides: "The said board of public works in any such city adopting this act shall be substituted for, and invested with, all the powers and duties now vested in or exercised by any board of aldermen, common council or other governing body or committee thereof of such city relating to and in respect of the management, control, maintenance and use of the *roads, streets, alleys and sewers and of the laying out and construction of roads, streets, alleys and sewers within such city.*"

This seems to be a grant of special powers to the board of public works, and it would seem that, therefore, the licensing power was confined to matters related to this legislative grant. Liquor licensing certainly has nothing to do with roads, streets, alleys and sewers. The granting of licenses to peddlers, junk dealers, taxis, markets and for building and electrical apparatus would appear to be somewhat related to roads, streets, alleys and sewers.

Holding, as we do, that the action of the commissioner was improper and that it is reviewable on *certiorari,* it is not necessary to consider the constitutional questions raised, but we think they are without merit.

The action under review will be set aside.